2001 OK JUD ETH 7.

## JUDICIAL ETHICS OPINION 2001–7.

Oklahoma Judicial Ethics Advisory Panel.

June 6, 2001.

¶ 0 QUESTION 1: May a judge attend a fund raising event for a public university as a guest of a person who has purchased a table for the occasion?

¶ 1 WE ANSWER: YES.

¶ 2 Canon 4C(3): "A judge may serve as an officer . . . of an educational . . . organization not conducted for profit, subject to the following limitations and the other requirements of this Code. . . .

b. A judge as an officer . . . or as a member or otherwise:

i. . . . shall not personally participate in the solicitation of funds or other fund-raising activities. . . .

(iv) should not use or permit the use of the prestige of judicial office for fund-raising or membership solicitation."

¶ 3 Canon 2(B): " . . . A judge should not lend the prestige of judicial office to advance the private interests of the judge or others. . . ."

¶ 4 Among ethics panels across the United States, the most commonly asked questions are those concerning a judge's involvement with charitable, educational or civic organizations. There is a strong consensus for strict interpretation of the canon prohibiting fund solicitation. The consensus just as strongly supports the prohibition against any indirect fund-raising.

¶ 5 A judge may attend a fund-raising event for a non-profit, educational organization, but the judge must exercise caution and

avoid participating in the fund-raising. The judge should not be the guest of honor, cannot be the principal speaker or one of several speakers, should not sign any letter of invitation to the event and should not be listed by title or position. While it is not mentioned in the question, we assume the person inviting the judge to the event is not a person who is likely to appear before the judge or be involved in a case before the judge.

 ¶ 6 The Canon against use of the prestige of the judicial position to advance private interests seeks to avoid abuse of the office; it considers that potential donors may be intimidated to give when requested by a judge or may make a gift in the expectation of judicial favor in the future.

¶ 7 A "fund-raiser" as considered in the Canons of Judicial Ethics is a function of a charitable or educational organization where donations are requested or expected. But it also should be noted that a function where the tickets are priced at an excessive amount, obviously far exceeding the costs of the function, should also be considered by a judge as a "fund-raiser."

¶ 8 In conclusion, we emphasize the limitations on a judge's activities involving charitable, educational, or civic organizations. The Canons are clear that a judge must not personally solicit funds nor allow the prestige of the office to be exploited for solicitation of funds. The judge may attend a fund-raising event for a non-profit educational institution as a guest of one who has purchased a table for the occasion.

¶ 9 Robert L. Bailey, Chairman

Robert A. Layden, Vice–Chairman

Milton C. Craig, Secretary